# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. |
| MICHAEL STEVEN WEST, | 5:00-CR-23(HL) |
| Defendant. | |

## ORDER

Before the Court is the Defendant Michael Steven West's[1] ("Mr. West") Pro-Se Motion for Release from Court Ordered Post-Prison Supervision (Doc. 63). The Motion is denied.

## I. BACKGROUND

This Court sentenced Mr. West on March 29, 2001 to serve a term of imprisonment of thirty months, which was to be served consecutive to a sentence in an Oregon case (Doc. 37). In addition, Mr. West's sentence included a period of supervised release of three years. Mr. West states that he was released from prison, and thus began his period of supervised release, on February 13, 2009 (Doc. 63). Under the terms of his supervised release, Mr. West is not allowed to possess firearms, and is required to undergo substance abuse testing and mental health counseling (Doc. 37).

## II. ANALYSIS

A court is authorized to terminate a period of supervised release if, after

---

[1] The Defendant's birth name is Michael Steven Zilkoski (Doc. 63). Although it is

the expiration of one year of supervised release, the court is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination, courts must consider certain factors including the nature and circumstances of the offense, the history of the defendant, deterrence, public protection, correctional treatment, the sentencing range for the offense, pertinent public policy statements, uniformity of sentences among defendants who commit similar crimes, and restitution to the victims. *See* 18 U.S.C. §§ 3553(a), 3583(e)(1). In addition, courts must take into account the objectives of supervised release, which include assisting those released from prison with their transition back into society, and rehabilitation. *See* United States v. Johnson, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118 (2000) (stating that "Congress intended supervised release to assist individuals in their transition to community life," and that supervised release "fulfills rehabilitative ends, distinct from those served by incarceration").

One District Court in the Eleventh Circuit stated that early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior. United States v. Reisner, No. 4:06-CR-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008). However, the court in Reisner held that a defendant who simply complied with the terms of her supervision had not exhibited the type of exceptional behavior that warranted early termination, because full compliance is expected of every person serving a

---

unclear why, the Defendant now goes by the name Michael Steven West.

term of supervised release. Id. After considering the factors outlined in § 3553(a) and the objectives of Congress in enacting § 3583(e)(1), the Court is similarly unsatisfied that Mr. West's conduct or the interest of justice warrant terminating the remaining period of Mr. West's supervised release.

As both Mr. West's Motion and the affidavits filed in support of his Motion point out, Mr. West has been involved in many worthwhile activities since being released from prison (Docs. 63, 63-1). He has volunteered his time extensively throughout the Eugene, Oregon community in which he lives, and has become highly involved with his local church. Mr. West has been able to do this despite experiencing physical and financial difficulties. However, while Mr. West's conduct is certainly laudable, it is not exceptional to the extent that it warrants terminating the remainder of his supervised release. After all, being a productive member of society and exhibiting good behavior is what is expected of every individual, especially those who have been convicted of a criminal offense and are currently serving a term of supervised release.

Furthermore, the crime committed by Mr. West was a serious offense. While incarcerated in Oregon, Mr. West mailed a letter to a Ms. Connie Crew threatening to "break the bones" of her husband (Doc. 35). In addition, Mr. West freely admits in his Motion that he has experienced "revolving door recidivism . . . for over half his lifespan" (Doc. 63). Accordingly, when the interests in protecting the public and deterring Mr. West from committing further crimes are considered, requiring Mr. West to complete his term of supervised release seems not only

3

appropriate, but necessary.

Moreover, the substance abuse testing and mental health counseling that Mr. West is ordered to undergo as part of his supervised release can only help Mr. West in his quest for rehabilitation. Therefore, the interest of justice and the statutory factors that this Court is required to consider not only fail to establish grounds for granting Mr. West's Motion, they support the conclusion that Mr. West and society would both be in a more advantageous position if Mr. West is required to complete his term of supervised release.

## III.  CONCLUSION

For the reasons discussed above, Ms. West's Motion (Doc. 63) is denied.

**SO ORDERED**, this the 15th day of April, 2011.

 *s/ Hugh Lawson*
 **HUGH LAWSON, SENIOR JUDGE**

rms